UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Civil Action No. 17-95-HRW

**CRYTAL DAWN BLAIR,**                                                                 **PLAINTIFF,**

v.                 **MEMORANDUM OPINION AND ORDER**

**COMMISIONER OF**
**SOCIAL SECURITY,**                                                         **DEFENDANT.**

This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction [Docket No. 8] and for Summary Judgment [Docket No. 26] and Defendant's Motions to Dismiss [Docket Nos. 18 and 23]. For the reasons set forth herein, the Court finds that Plaintiff did not commence this lawsuit within the applicable statute of limitations. Therefore, dismissal is warranted.

**I.**

On April 29, 2016, the Social Security Administration Appeals Council notified Ms. Blair of its denial of her request for review of the redetermination decision denying her application for supplemental security income under Title XVI of the Act. [Declaration of Donald Levine, Docket No. 18-2, Exhibits 1 & 2]. The written notice advised Plaintiff of her right to commence a civil action to seek review within sixty (60) days of receipt. *Id.*

This notice by the Appeals Council rendered the ALJ's redetermination decision the "final decision" of the Commissioner, as defined by 20 C.F.R. §§ 416.1481, 422.210(a),

and began the clock for judicial review within 60 days of receipt of notice. Based on this April 29, 2016 date, Plaintiff needed to file this civil action by July 3, 2016, for it to be timely. However, July 3, 2016 came and went with no action by Ms. Blair or her counsel.

Four months after the deadline, in January 2017, Plaintiff requested that the Appeals Council reopen and review the unfavorable ALJ decision. *Id.* at Exhibit 3. In April 2017, the Appeals Council notified Plaintiff and her counsel that it found no reason to reopen the ALJ's decision and, further, that she did not have the right to judicial review of the denial of the request to reopen. *Id.* at Exhibit 4.

Nonetheless, Plaintiff instigated this civil action seeking review of the ALJ's decision on May 30, 2017, nearly 11 months after the 60-day time limit. She did not seek an extension of time from the Appeals Council, as provided for in the original notice. *Id.*

Defendant seeks dismissal of this action as untimely. Plaintiff has not addressed the timeliness issue. Instead, she seeks judgment in her favor based upon what she alleges as a violation of due process during the adjudication of her claim supplemental security income.

## II.

Section 205(g) requires that civil actions on claims arising under title II or title XVI be "commenced within sixty days after the mailing to [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g)4 and 42 U.S.C. § 1383(c)(3). Courts strictly apply the statutory 60-day filing period. *See, e.g.*, *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007) (affirming dismissal where complaint filed **one** day late).

Here, the Appeals Council's notice of April 29, 2016 explicitly advised Plaintiff and her counsel that she had 60 days from the date of receipt of the notice to commence a civil action.

Yet, her Complaint was not filed until May 30, 2017, a month shy of a year after the deadline. Accordingly, Plaintiff's Complaint is barred by the Act's statute of limitations. *See Cook*, 480 F.3d at 438.

As Defendant points out, in extraordinary situations, the 60-day period can be tolled by the Commissioner or the courts. However, this occurs only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate" should the courts extend the period. *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976). A litigant is entitled to equitable tolling *only if* the litigant can show that (1) she has been pursuing his or her rights diligently *and* (2) some extraordinary circumstances stood in the litigant's way and prevented timely filing. *Holland v. Florida*, 560 U.S. 531, 649 (2010) (citation omitted).

Notably, Plaintiff has not addressed the untimeliness of her complaint nor has she alleged circumstances, extraordinary or otherwise, which prevented her from commencing this lawsuit in a timely manner. Rather, Plaintiff contends that she is entitled to not only judicial review but that this Court vacate the Commissioner's denial of her claim based upon alleged violations of due process. Specifically, she argues that her former counsel, Eric Conn, filed to provide the ALJ with a complete medical record and misrepresented her history. The Court is familiar with the criminal machinations of Conn and his cohorts. However, Plaintiff could have, should have, raised these arguments in a timely manner. She did not. Instead, she tarried for eleven months after the window in which to seek review closed. As such, her Complaint is subject to dismissal.

Moreover, to the extent that Plaintiff suggests that the Appeals Council's refusal to reopen her claim itself violated due process, this argument lacks merit. At that stage of the administrative process, "due process requires only that the [agency] . . . in fact considered and

rejected the possibility of reopening the claim." *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 232 (6th Cir. 1990). Here, the Appeals Council's denial of the reopening request demonstrates that it did consider Plaintiff's arguments and reasonably rejected them. In other words, due process was provided.

As Defendant points out, "the use of constitutional language to 'dress up' a claim of abuse of discretion in refusing to reopen an application does not create a colorable constitutional challenge." *Glazer v. Comm'r of Soc. Sec.*, 92 F. App'x 312, 314 (6th Cir. 2004) (*quoting Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67-68 (6th Cir.1987)).

### III.

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiff's Motion for Preliminary Injunction [Docket No. 8] be **OVERRULED**;

2) Plaintiff's Motion for Summary Judgment [Docket No. 26] be **OVERRULED**; and

3) Defendant's Motions to Dismiss [Docket Nos. 18 and 23] be **SUSTAINED**.

**IT IS FURTHER ORDERED** that this matter be **DISMISSED WITH PREJUDICE.**

This 29th day of March 2021.



Signed By:
Henry R Wilhoit Jr.
**United States District Judge**